UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

BARBARA C., individually and as next
friend of L.C., J.C., N.C., A.C. and
Y.C., infants,                              <u>ORDER</u>

         Plaintiffs,  CV 2007-1811 (RMM)(MDG)

  - against -

VERONIQUE STREETER, et al.,

         Defendants.

- - - - - - - - - - - - - - - - - - - X

  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to recover damages arising, <u>inter</u> <u>alia</u>, from the removal of the infant plaintiffs from the care and custody of their grandmother. By letter dated January 15, 2008, Assistant Corporation Counsel Steven Weber, counsel for the City of New York and other individual defendants employed by the City (the "City defendants"), seeks a stay of discovery against the City defendant until March 1, 2008 to await resolution of a related insurance coverage recently filed by the City of New York against Philadelphia Indemnity Insurance Company, 08 Civ. 0091 (RMM)(MDG). <u>See</u> ct. doc. 19 ("Weber Letter")

<u>DISCUSSION</u>

  Rule 26(c) of the Federal Rules of Civil Procedure authorize courts, upon a showing of "good cause, [to] issue an order to

protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Accordingly, contrary to the City defendants' suggestion that the party opposing a stay must demonstrate prejudice (ct. doc. 21), the burden here is upon the City defendants, the parties seeking a stay, to show good cause. See Spencer Trask Software & Info. Servcs., LLC v. Post Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (showing of good cause required for a stay); Hachette Distribution, Inc. v. Hudson County News Co., 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (same).

The City defendants argue that a stay of discovery is warranted because the City of New York "will ultimately prevail in" the related action for insurance coverage. Weber Letter at 1. However, this does not suffice to establish "undue burden or expense" or other reason for a protective order. Irrespective of whether Philadelphia Indemnity Insurance Company does indemnify and defend the City defendants on the claims for improper placement covered by the insurance policy at issue in the related action, claims against the City of New York will remain which require representation by the Corporation Counsel or other attorneys designated by the City of New York. There is no reason to delay discovery on these other claims nor prudent to delay entry of a confidentiality order to facilitate the exchange of documents, as previously noted in this Court's electronic order filed on January 14, 2008. In addition, any burden on the

City defendants in having to proceed at this juncture on the claims claimed to be covered by the insurance policy does not appear to be onerous since the parties are still engaged in documentary discovery.  Any response to discovery requests will first require a search by the client, undoubtedly through records that may be responsive to requests relating to all claims against the City defendants.

CONCLUSION

For the foregoing reasons, defendant's application for a stay is denied.

**SO ORDERED.**

Dated:     Brooklyn, New York
           January 18, 2008

_/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE